IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-10-742 |
| EDWARD CHARLES SCHMITT, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On June 14, 2011, Defendant Edward Charles Schmitt ("Defendant" or "Mr. Schmitt") pled guilty to Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2), 2256. (ECF No. 24 at 1.) On September 12, 2011, pursuant to the plea agreement and Federal Rule of Criminal Procedure 11(c)(1)(C), this Court sentenced Mr. Schmitt to 84 months' incarceration followed by 15 years' supervised release.[1] Mr. Schmitt began his period of supervised release on or about December 12, 2017. (ECF No. 12.)

Presently pending before this Court is Mr. Schmitt's Request for Early Termination of Supervised Release (ECF No. 41), filed on July 25, 2025. The Government has responded that it defers to this Court's discretion. *See* (ECF No. 43 ¶ 7.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Defendant's Request for Early Termination of Supervised Release (ECF No. 41) is DENIED.

---

[1] Federal Rule of Criminal Procedure 11(c)(1)(C) authorizes parties to agree to a sentence that "binds the court once the court accepts the plea agreement." FED. R. CRIM. P. 11(c)(1)(C). In this case, the parties agreed to a sentence of 84 months' incarceration, but the Government reserved its right to seek a lifetime of supervised release and Defendant reserved his right to request as little as five years' supervised release. (ECF No. 24 at 5.)

1

As Judge Blake of this Court recently explained, "[a] court may terminate a defendant's term of supervised release after he has served at least one year" if it determines "'after considering the [relevant] factors set forth in [18 U.S.C. § 3553(a)] [that] . . . doing so 'is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Willasch*, Crim. No. CCB-09-0567, 2024 WL 3690808, at *1 (D. Md. Aug. 6, 2024) (quoting 18 U.S.C. § 3583(e)(1)).  Section 3553(a) directs courts to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the seriousness of the offense;" the need to "protect the public from further crimes of the defendant" and "provide the defendant" treatment or training; "any pertinent policy statement" of the Sentencing Commission; and the need to avoid sentencing disparities and provide restitution to victims.  18 U.S.C. § 3553(a)(1)–(7).

In this case, the seriousness of the offense, the need to protect the public from further crimes, and the interests of justice counsel strongly against the requested relief.  Possession of child pornography is "extremely serious and dangerous behavior, requiring a lengthy period of supervision to prevent the possibility of recidivism and harm to other children." *Willasch*, 2024 WL 3690808, at *1; *see also United States v. Helton*, 782 F.3d 148 (4th Cir. 2015) (affirming lifetime of supervised release for defendant convicted of receipt of child pornography); *United States v. Zoukis*, 2023 WL 8728601 (4th Cir. Dec. 19, 2023) (affirming denial of request for early release by defendant convicted of child-pornography crimes).  Mr. Schmitt's conduct, including his possession of more than 600 images of child pornography, was extraordinarily serious in this case.  In recognition of "the nature and circumstances of" this offense, the United States Probation Office does not recommend the requested termination of supervised

release.  (ECF No. 41 at 4.)  The gravity of Mr. Schmitt's crime demands ongoing supervision, and the additional conditions of supervised release imposed in this Court's Judgment remain necessary to protect members of the public, including children, from potential further harm.[2] (ECF No. 30 at 4.)

## CONCLUSION

For the reasons stated above, it is this 12th day of August 2025, hereby ORDERED that Defendant's Request for Early Termination of Supervised Release (ECF No. 41) is DENIED.

/s/
_____
Richard D. Bennett
United States Senior District Judge

---

[2] The Court commends Mr. Schmitt's professional success, maintenance of close family ties, and compliance with his conditions of supervised release.  *See* (ECF No. 41 at 4–6, 9–12).  These achievements do not outweigh the need to protect the public from future possible harm by maintaining ongoing supervision, including the mandated supervision of electronic devices, sex offender registration, and prohibition of unsupervised contact with minors provided as additional conditions of supervised release.  (ECF No. 30 at 4.)